IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ALBERT THROWER,**

      **Petitioner,**

  v.                                                **Civil Action No. 1:08cv169**
                                                                  **(Judge Keeley)**

**WAYNE PHILLIPS, Warden,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I.  BACKGROUND

On August 20, 2008, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241, challenging the sentence imposed by the United District Court for the Northern District of Ohio. At the time petitioner filed his Application, he was incarcerated at FCI Morgantown which is located in West Virginia.[1] This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 83.09.

### II.  FACTS

On October 23, 2003, following a jury trial in the United States District Court for the Northern District of Ohio, the plaintiff was found guilty of 32 counts, including Conspiracy to Defraud the Unites States; Falsification of Bankruptcy Records; Bankruptcy Fraud; False Oath in Bankruptcy Proceeding: Mail Fraud; and Possession of Stolen Identity. On February 11, 2004, the plaintiff was

---

[1] On September 8, 2008, the petitioner filed a Notice of Change of Address that would indicate that he is currently in a facility supervised by a Community Corrections Management Office in Ohio.  However, because venue is determined at the time the petition is filed, this Court continues to have the authority to rule on this matter.

1

committed to the custody of the Bureau of Prisons ("BOP") for 60 months on count 9 and 11-25, and 90 months on counts 2-10 and 26-32 time to run concurrently. The defendant was given credit for time served since July 24, 2003. In addition, the defendant was placed on supervised release for three years, was ordered to participate in outpatient drug/alcohol abuse treatment program with testing, and pay restitution in the amount of $188,328. Finally, a special assessment was ordered in the amount of $3200. As part of its sentencing order, the court recommended that the plaintiff be placed in a drug treatment program and in FCI Morgantown. See 1:03-cr-00341-DDD-1.

The petitioner did not file a direct appeal. However, on February 10, 2005, the plaintiff filed a *pro se* action for habeas relief under the provisions of 28 U.S.C. § 2255. The petition contained twelve grounds for relief. All but two of those grounds related to petitioner's basic claim that he was denied the effective assistance of counsel. In the first unrelated ground, the plaintiff raised the allegation that the trial court committed error when it did not order that his $2300 be turned over to him to hire an attorney of his choice, to assist in determining whether his "advice of counsel" defense was viable and/or to represent him at trial. The second unrelated ground, was the plaintiff's allegation that the trial court erred when it used an alleged conviction in his criminal history that was void as a matter of law.

On June 16, 2005, the United States District Court for the Northern District of Ohio entered an order finding no merit in any of the grounds asserted, and accordingly, the petition for habeas relief was denied in its entirety. As noted by the court in its decision, an action based on the provisions of 28 U.S.C. 2255 is not a substitute for direct appeal. The two grounds noted above, which are unrelated to the petitioner's claims of ineffective assistance of counsel, could have been raised by the petitioner on direct appeal. The court also noted that when a defendant has defaulted on a claim by failing to raise it on appeal, the claim may be raised under 28 U.S.C. 2255 only if the defendant can demonstrate either good cause and actual prejudice or that he is innocent of the crime charged. Finding that the

petitioner had failed to claim or establish any of these reasons for his procedural default, the court concluded that those two grounds were barred under 28 U.S.C. 2255. See 1:03-cr-00341-DDD-1, Dckt. 246.

### III. CLAIMS OF PETITION

In his Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241, the petitioner raises only one ground for relief. Specifically, he alleges that although he was convicted in Ohio for a Weapon Under Disability charge and various marijuana trafficking charges, these convictions were improperly used to increase his criminal history score because they were void as a matter of law. As relief, the petitioner asks the Court to rule that his 1989 state conviction is void as a matter of law, and requests that the Court order that his criminal history score be reduced to a Level 1. In addition, he requests that the court ordered that all reference to the Weapon Under Disability be voided from the presentence investigation and that all reference to the void state conviction be deleted since the same are void per well-settled law.

### IV. ANALYSIS

Except as discussed below, a motion filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. § 2242 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence). Because the petitioner herein is seeking to have his sentence modified or vacated, he is seeking §2255 relief not §2241 relief. See In re Jones, 226 F.3d 328 (4th Cir. 2000).

However, despite the fact that a § 2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, § 2241 may be used by a federal prisoner to challenge the

3

legality of his conviction or sentence if he can satisfy the mandates of what is known as the Section 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy through a § 2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S..C. § 2255. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). It is well established that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2001). Furthermore, § 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under the section is time-barred. United States v. Laurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[2]

---

[2]The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2255; see Jones, 226 F.3d at 330.

4

Id. at 333-34.

Although the petitioner has not raised the savings clause, per se,[3] it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of Jones, all of the crimes for which he was convicted in the United States District Court for the Northern District of Ohio remain a criminal offense, and therefore the petitioner cannot satisfy the second element of Jones.  Accordingly, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a §2241 petition.

## IV.  RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985);  Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

---

[3] In his petition, the petitioner notes only that there is "NO OTHER remedy in the law to correct this 'manifest injustice.' (Emphasis in original)

DATED: October 14, 2008.

                                                /s/ James E. Seibert
                                                JAMES E. SEIBERT
                                                UNITED STATES MAGISTRATE JUDGE