```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**ALBERT THROWER,**

      **Petitioner,**

  **v.**                                 **CIVIL ACTION NO. 1:08cv169**
                                                        (Judge Keeley)

**WAYNE PHILLIPS, Warden,**

      **Respondent.**

### ORDER ADOPTING REPORT AND RECOMMENDATION
### AND DISMISSING § 2241 APPLICATION

On August 19, 2008, the pro se petitioner, Albert Thrower ("Thrower"), filed an "Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241" ("the Petition"), arguing that his federal sentence was calculated in violation of the Constitution and, therefore, is invalid.

On October 14, 2008, United States Magistrate Judge James E. Seibert issued a Report and Recommendation ("R&R"), which recommended that Thrower's petition be denied and dismissed with prejudice. Thrower filed a timely objection, which the Court now reviews de novo. For the reasons that follow, the Court adopts the R&R and **DISMISSES** the § 2241 petition.

### I. Thrower's Petition

Following trial, a jury convicted Thrower on 32 counts, including bankruptcy fraud, wire fraud, mail fraud, conspiracy to defraud the United States, and possession of a stolen social security card. He received a sentence of 90 months confinement and

three years supervised release; additionally, he was ordered to pay $188,832 in restitution and a special assessment of $3200.

Thrower's petition alleges that certain state convictions are void as a matter of law and were impermissibly used to calculate his criminal history "score," which was then used to calculate his present sentence. Dkt. no. 1, p.4. Thrower requests that this Court rule that his state convictions are void as a matter of law and reduce his criminal history points, deleting all reference to his state convictions from his pre-sentence investigation report.

## II. Magistrate Judge's Report and Recommendation

Magistrate Judge Seibert concluded that the relief Thrower seeks is properly sought pursuant to 28 U.S.C. § 2255, not § 2241. Moreover, he further concluded that, because a § 2255 motion was not, under the circumstances, "inadequate or ineffective to test the legality" of his sentence, Thrower had improperly filed his § 2241 petition. He therefore recommended that Thrower's petition be denied and dismissed with prejudice.

## III. Thrower's Objections

On October 30, 2008, Thrower objected to the Magistrate Judge's R&R, arguing that, in his case, a § 2255 petition is "inadequate or ineffective" to test the legality of his sentence

because he is barred from filing any successive § 2254 petitions on his state convictions, and also is barred from filing additional § 2255 petitions in this case. Thus, he asserts that he has properly filed this claim as a § 2241 petition.

### IV. <u>De</u> <u>Novo</u> Review

A petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 must allege facts pertaining to "an applicant's commitment or detention," 28 U.S.C. § 2242, and must attack the execution of a sentence, rather than its validity. <u>See</u> <u>U.S. v. Bradshaw</u>, 86 F.3d 164, 166 (10th Cir. 1996). A motion to vacate, set aside, or correct a sentence on grounds that it was imposed in violation of the Constitution or other federal law must be filed pursuant to 28 U.S.C. § 2255. <u>See</u> 28 U.S.C. § 2255.

A review of Thrower's § 2241 petition easily establishes that he has not raised any claims pertaining to the execution of his sentence. Rather, his claims attack the validity of his sentence. Specifically, Thrower asserts that his sentence was imposed in violation of the Constitution because prior convictions used to calculate his criminal history "score" are void as a matter of law. Typically, this type of challenge to the imposition of a sentence

3

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING § 2241 APPLICATION**

must be brought under § 2255. See In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000)(discussing the purpose of § 2255).

An individual may file a § 2241 petition, however, when a § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). A § 2255 motion is considered to be "inadequate or ineffective" when

> (1) at the time of the conviction, settled law of the circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct for which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-34.

A § 2255 petition "is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from

filing a § 2255 motion."[1] In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997)(citations omitted).

Thrower argues that his § 2241 petition is the correct procedure to attack the imposition of his sentence because he has been unable to obtain relief under § 2255 and is barred from filing further petitions under §§ 2254 and 2255. Because the Sixth Circuit has barred him from filing any successive § 2254 petitions attacking his previous state convictions, and because he is procedurally barred from filing successive § 2255 petitions in this case, Thrower asserts he has no other remedy for relief. Thrower, therefore, concludes that a § 2255 motion is "inadequate or ineffective" and he is entitled to file this claim as a §2241 petition.

Unfortunately for Thrower, he has not established that a § 2255 petition is "inadequate or ineffective" under the Jones standard "merely because an individual has been unable to obtain

---

[1] Magistrate Judge Seibert's R&R documents that Thrower filed a § 2255 motion in the United States District Court for the Northern District of Ohio which the district court denied in its entirety. One of the grounds alleged in Thrower's § 2255 motion forms the basis for his present § 2241 petition. The district court, in recommending that Thrower's § 2255 motion be denied, noted that Thrower had defaulted on this claim by failing to raise it on appeal and therefore was procedurally barred from bringing it under § 2255.

relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d at 1194 n.5 (citations omitted). As Magistrate Judge Seibert correctly points out in his R&R, a § 2255 petition is deemed "inadequate or ineffective" only by meeting the standard announced in Jones. Dkt. no. 6, p.4. Specifically, Thrower does not meet the second prong of the Jones standard because he has failed to establish that the conduct for which he was convicted is no longer criminal. Hence, because he can only attack the validity of his sentence in a § 2241 petition if a § 2255 petition is "inadequate or ineffective," and because he has failed to make the required showing under Jones, Thrower is barred from bringing this claim as a § 2241 petition and his petition must be dismissed.

## V. Conclusion

For the reasons discussed, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety, **DISMISSES WITH PREJUDICE** Thrower's § 2241 application, and **DISMISSES** the case from the Court's docket.

It is so **ORDERED**.

THROWER V. PHILLIPS                                              1:08CV169

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND DISMISSING § 2241 APPLICATION

The Court directs the Clerk to transmit copies of this Order to the pro se petitioner, by certified mail, return receipt requested.

DATED: June 16, 2009.

>                               /s/ Irene M. Keeley
>                               IRENE M. KEELEY
>                               UNITED STATES DISTRICT JUDGE